*J. T. Dye* and *A. C. Harris*, for appellee.

------------○------------

## BARR and Others *v.* KANE and Another.

PLEDGE.—*Of Promissory Note.*—Where a person, being indebted to another on account, deposited with the latter as collateral security for such indebt-

edness a note and a mortgage to secure the same, executed to the pledgor by a third person, the deposit being made upon the express condition that said note and mortgage should not be sued upon or foreclosed until every legal effort to collect said indebtedness had been made by the pledgee, who also agreed to return the note and mortgage upon payment of said indebtedness;

*Held*, in a suit on said note by the pledgee against the maker, the pledgor being made a defendant to answer as to his alleged assignment by delivery, that an answer setting forth these facts and alleging that the pledgor at the time of said deposit and ever since had owned property sufficient to pay said indebtedness, and out of which the same might have been made, but that no effort had ever been made to collect said indebtedness, presented a a good defense for all the defendants.

APPEAL from the Carroll Common Pleas.

RAY, J.—The appellees brought this suit upon a note secured by mortgage. The complaint contained averments, that the plaintiffs were husband and wife; that Gaylord, a defendant, had theretofore executed his note secured by mortgage to defendant Parmelia Barr, payable with nine per cent. interest; that said Barr delivered the same, without indorsement, to Martha Everson, then a *feme sole,* but now married and one of the plaintiffs in this action; and said Parmelia Barr is made a defendant and required to answer as to said assignment.

The defendants answered in three paragraphs, to the second of which a demurrer was sustained.

It was therein alleged, that said Parmelia Barr, having received the note and mortgage from Gaylord, subsequently became indebted to Martha Everson, now Martha Kane, and to secure said indebtedness, she deposited with said Martha said note and mortgage simply as collateral security for her own indebtedness, and only upon the express condition, that the said note and mortgage should not be sued upon or foreclosed until said Martha had made every legal effort to collect the debt owing by said Parmelia; that said Martha agreed to return said note and mortgage upon payment of her claim against said Parmelia; that the defendant, Parmelia Barr, did then, and ever since has, owned property

sufficient to pay said debt, and out of which the same might have been made, but no effort has ever been made to collect the same.

It seems to a majority of this court that the paragraph was good. Parmelia Barr, although indebted to one of the plaintiffs, was not legally bound to give to her creditor this note and mortgage executed by Gaylord to her. And if she elected to place it in the creditor's hands without indorsement, she certainly had a right to require her to look first to her other property to secure the payment of the original debt before resorting to this note. If she had not delivered this note, no one will question that upon execution she might have turned out other property upon the demand of the sheriff, and as she chooses to make this deposit with an express reservation of this right, it is difficult to see how such deposit can be held as a waiver thereof.

It is of small import what motive prompted the condition; enough that it was not illegal, and that she had the power to contract. But a motive seems clear upon the face of the complaint and answer. The debt from Barr to Kane was at six per cent., the note from Gaylord to Barr was at nine per cent. A debtor unable to pay promptly may not desire to have her best investments sacrificed, when she has others less productive and yet sufficient to discharge her obligations.

If the answer was true, the plaintiff, Martha Kane, had no right of action, in the note and mortgage in suit, and never could acquire such right, but she had a simple right of possession as security until her debt was paid; and as legal proceedings against Parmelia Barr, which were, by agreement, a prerequisite to this right of action, would have brought payment of her debt, the answer shows a perfect and complete defense to the action for all the parties. The demurrer should have been overruled.

As a fair sequence of this ruling on the demurrer, the court proceeded to render judgment against Parmelia Barr, upon her indebtedness to Martha Kane, although no such

cause of action was stated in the complaint, and Parmelia had only been made a party to answer as to her assignment by delivery of the Gaylord note and mortgage.

The judgment of the court below is in all things reversed, and the cause remanded, with directions to overrule the demurrer to the second paragraph of the answer. Costs here.

GREGORY, J., dissents as to the ruling on the demurrer.

*A. H. Evans*, for appellants.

*J. Applegate*, for appellees.